**PORTFOLIO v. UNITED STATES.**

No. 4–52.

United States Court of Claims.

Feb. 2, 1954.

Francis T. Nemac, New York City, for plaintiff. Jeremiah T. Mahoney, New York City, was on the brief.

Elizabeth B. Davis, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

MADDEN, Judge.

The plaintiff, in his income tax returns for each of the years 1943, 1944, and 1945, claimed a deduction of $9,600, the amount paid by him in each year to his wife from whom he was separated. A written agreement between him and his wife provided for the payment of that amount. The tax authorities denied the deduction, the plaintiff paid the tax and now sues for its refund.

The plaintiff bases his claim upon the provisions of Sections 22(k) and 23(u) of the Internal Revenue Code, 26 U.S.C. §§ 22(u), 23(k). The former section provides that "In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received * * * in discharge

of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, * * *." Section 23(u) permits the husband to deduct from his income the amounts required by Section 22(k) to be included by the wife in her income.

Our question is whether the plaintiff's payments to his wife were of the kind described in Section 22(k).

The plaintiff and his wife had been living apart for some time prior to April 1926. On April 13, the wife filed an action for separation in the Supreme Court of the State of New York, demanding a judgment for a separation from bed and board and for a suitable provision for her and their two children. She demanded also alimony *pendente lite,* counsel fees, and the arrest of her husband. The plaintiff answered. Various motions were made and acted on by the Court. On November 3, 1926, the case was called for trial. The presiding judge directed the parties and their attorneys to appear before Judge Cotillo. He took them into his chambers. He was a friend of the plaintiff and his wife, and discussed their problems with them and their attorneys for some hours on that day. He required the parties to submit proof of the husband's financial status. On subsequent days he discussed with the parties what kind of a separation agreement would be satisfactory to them. Various drafts were prepared by the parties and commented on by the judge. The final draft was approved by him and was signed by the parties on December 7, 1926. That agreement recited that the parties had had marital troubles, that the wife had brought an action for separation, that the parties agreed that it should be lawful for the parties to live separate and apart and for the wife to be free from the husband's marital control and authority. It then made detailed provision for the payments to be made by the husband, including the payments involved in the suit now before us.

On the following day, December 8, the Court entered an order discontinuing the case, on the basis of a stipulation of the parties which was annexed to the order. Neither the order nor the stipulation mentioned the separation agreement which the parties had made.

Sections 22(k) and 23(u) of the Internal Revenue Code were inserted by the Revenue Act of 1942. The question whether the plaintiff could get the benefits of these provisions then arose. As we have said, he sought to take the deductions for the years 1943, 1944, and 1945 but was not allowed to do so. In 1949, the plaintiff filed an affidavit in the court where his wife's separation action had been brought, stating that he was prejudiced in his controversy with the taxing authorities by the failure of the Court's order, made in 1926, to state that the settlement of the case at that time was based primarily upon the separation agreement made at that time. The Court was convinced by the affidavit of the plaintiff, and the affidavits of other persons familiar with the facts, that that was the case, and revised the order which it had made in 1926. As revised, the order, which is quoted in our Finding 11, stated that Judge Cotillo had brought about a settlement of the parties' dispute, "culminating in a separation agreement," and that it was ordered "based upon the separation agreement" and the stipulation of the attorneys made in 1926, that the cause be discontinued.

Section 22(k), as we have seen, applies to cases where a wife is "divorced or legally separated from her husband under a decree of divorce or of separate maintenance". The plaintiff's wife was not in that status. She had sued for such a decree, but had discontinued her suit and taken, instead, a private agreement satisfactory to her. The fact that she may have been persuaded to do so by a judge who, acting as a judge and as a personal friend of herself and her husband, thought that that was the best solution

of the marital difficulties, seems to us to be immaterial. Of course, as the resettled order stated, the discontinuance of the case was based upon the separation agreement, and would hardly have been consented to by the wife but for the agreement. But that did not mean that the Court decreed a legal separation. It meant that the Court, by successful mediation, avoided the necessity of decreeing a legal separation. Unless we are to say that efforts, such as that of Judge Cotillo, to get parties to marital disputes to settle their difficulties without going to the extreme of a judicial decree, are wholly futile, because their private agreement to live apart is the equivalent of a judicial decree to that effect, we cannot say that Section 22(k) is here satisfied even by the substitution of something equivalent to what it, in terms, requires.

The plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.